UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

LILITH LACAVA, f/k/a ALEK MICKLES,
and ERIN OWENS,

       Plaintiffs,

v.

LINDA OLEKSYK,

       Defendant.
_____/

**COMPLAINT**

Plaintiffs, LILITH LACAVA f//k/a ALEK MICKLES and ERIN OWENS, by and through undersigned counsel, hereby sue Defendant LINDA OLEKSYK, and allege as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff LACAVA – a Junior at the University of Hawaii – brings this action because the Defendant refuses to release funds from a 529 Plan ("Plan") designated for the payment of Plaintiff's education. The Plan – Plaintiff is the sole beneficiary – was started by Plaintiff's Grandfather. As part of a divorce settlement in 2014, he believed Defendant had Plaintiff LACAVA's best interests at heart and agreed to let her serve as Trustee of the Plan. Unfortunately, without even communicating with the Plaintiffs, Defendant wrongly refuses to release any funds, jeopardizing Plaintiff's education, and forcing her Mother, co-Plaintiff OWENS, to pay for college in the meantime. Plaintiffs request that the Court exercise its broad equitable powers, under Florida Common law and the Florida Trust Code, Fla. Stat. ch. 736, to remedy this situation, as well as awarding such damages and other relief as is appropriate.

## JURISDICTION AND VENUE

2. Plaintiff LACAVA is an individual and a citizen of the State of Nevada, domiciled in Washoe County, Nevada.

3. Plaintiff OWENS is an individual and a citizen of the State of Nevada, domiciled in Washoe County, Nevada. She is Plaintiff LACAVA's Mother.

4. Defendant OLEKSYK is an individual and a citizen of the State of Florida, domiciled in Hillsborough County, Florida, and is *sui juris*.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and the plaintiffs are citizens of a different State than the Defendant.

6. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) & (3), where the Defendant resides.

## GENERAL ALLEGATIONS

7. Approximately a decade ago, Morris Owens started a 529 Plan ("Plan") for the benefit of his Grandchild, Plaintiff LACAVA, who is the Plan's sole beneficiary.

8. At the time, Mr. Owens was married to Defendant OLEKSYK.

9. In or about June of 2014, Mr. Owens and Defendant OLEKSYK were divorced.

10. Although OLEKSYK was Mr. Owens's second wife, and not Plaintiff LACAVA's grandmother, Mr. Owens believed that OLEKSYK had the best interests of his Grandchild at heart.

11. He, therefore, agreed to make Defendant the trustee of Plan, ensuring that the funds would be used to pay for the Grandchild's education.

12. The agreement was confirmed in a written Mediation Agreement ("Agreement"), which resolved a pending action to dissolve their marriage, and was ratified and confirmed by the

Court, and incorporated into a Final Judgment of Dissolution of Marriage ("Judgment") on October 20, 2014, which dissolved the parties' marriage. The Final Judgment, which attaches the Agreement, is attached as Exhibit "A" hereto.

13. Paragraph 1(C) of Agreement provides that "The wife shall have sole control of the 529 Plan previously established and the assets and income of said Plan shall be used exclusively for the benefit of [the Grandchild]."[1]

14. The Judgment, in turn, incorporated that provision in Paragraph 5, as follows:

> **529 Plan**. The Wife shall have sole control of the 529 plan previously established and the assets and income of said Plan shall be used exclusively for the benefit of [the Grandchild].

15. Pursuant to the Agreement and Judgment, therefore, Defendant became the Trustee of the Plan, for the benefit of the Grandchild as the sole beneficiary.

16. In entering into the Agreement and taking control of the Plan, Defendant accepted the trust and confidence that she knew was being reposed in her, as a fiduciary, to serve as Trustee over the Plan for the benefit of the Grandchild as the sole beneficiary.

17. As a matter of common law and under the Florida Trust Code, Defendant owes fiduciary duties of loyalty, care, and good faith – as well as duties to administer the Plan, to inform and account to the beneficiary.

18. Here, those duties included preserving the assets of the Plan as an investment account to fund the qualified education expenses for the Grandchild, and then disbursing the Plan's funds to pay for those expenses when they came due.

---

[1] At the time, the Plaintiff's name was Alek Mickles. It has since been legally changed to Lilith LaCava.

19. A 529 Plan is an investment plan that allows funds to be set aside at a tax advantaged rate for later use to pay for the educational expenses of a child. The point of a 529 plan is to encourage saving money for the investment of a child's education. The reason for the tax break is because the money will not increase the wealth of the person who set up the plan; it goes to pay for the education of a member of a future generation.

20. Accordingly, the funds in a 529 plan grow tax-deferred and may be distributed tax-free to pay for qualified education expenses ("Qualified Expenses"). Qualified Expenses include tuition and fees, books and supplies, computers, room and board. On the other hand, the funds are subject to significant penalties and taxes if they are not used for Qualified Expenses.

21. Consistent with these limitations, the Judgment provided that Oleksyk was to have control of the Plan and that "the assets and income of said Plan ***shall be used*** exclusively for the benefit of [the Grandchild]." (Emphasis added).

22. Defendant, however, refuses to "use" the funds for their designated purpose.

23. In breach of her duties as Trustee and fiduciary, she improperly refuses to disburse funds from the Plan to pay for Qualified Expenses, further refusing to provide any rationale, information or accounting to the beneficiary.

## THE BREACHES

24. The Grandchild, who is now over the age of 18, is a Junior at the University of Hawaii, and is projected to graduate in the Spring of 2023.

25. Oleksyk, however, has refused to fund ***ANY*** Qualified Expenses for the Grandchild's Junior Year – consisting of the Spring 2022 term and the Fall 2022 term.

26. As a result, Plaintiff OWENS (who is Plaintiff LACAVA's Mother) is being forced to pay for the expenses – in excess of $31,000.00 – in order for the Grandchild to remain in school.

4

27. Defendant has provided no reason or rationale for the refusal, but instead has failed even to respond to requests that were made. Defendant has also failed and refused to provide any accounting or other information about the Plan.

28. Prior to 2022, Defendant had declined to permit the Plan to fund Qualified Expenses for room and board, but had funded tuition. For the prior years, therefore, Plaintiff OWENS was forced to pay Qualified Expenses in the approximate amount of $38,098.56, which should have been funded from the Plan.

29. On information and belief, moreover, Defendant refuses to pay Qualified Expenses for the remaining three terms of school, prior to the Grandchild's expected graduation in the Spring of 2023. The total remaining expenses, including an anticipated one-year graduate program, will be approximately $40,000.00.

30. Focusing on the numbers, the amount that Plaintiffs will need to fund independently, as a result of Defendant's refusal to use the Plan's funds, is approximately $110,000.00. That consists of $38,000.00 Plaintiff OWENS was required to pay for the period prior to 2022; $31,000.00 for 2022; and $40,000.00 for the remaining three terms.

31. In fact, on information and belief, that $100,000 amount corresponds almost exactly to the balance of funds in the Plan.

32. By not paying the Qualified Expenses when incurred, Defendant is wrongly exploiting the rules applicable to 529 Plans. Those rules prevent the disbursement of funds to pay even for Qualified Expenses, if they were incurred in a prior year. Accordingly, the Plan's assets can no longer be used to pay for expenses prior to 2022 – at least not without substantial, and unwarranted penalties. In approximately two-months' time, on January 1, 2023, the Plan's assets will no longer be usable to pay for the Qualified Expenses incurred in 2022.

33. Rather than discharge her duties as Trustee and fiduciary, and use the Plan to fund Qualified Expenses, Defendant is turning the Plan into a surplus pool of money, which will remain after the Grandchild's education is completed, and converting that money for her own use.

34. Defendant, on information and belief, now claims that pool of money is **_her_** asset and belongs to her.

35. In addition to the misconduct designed to benefit herself financially, on information and belief, Defendant's performance of her role as custodian of the Plan is also being impacted by serious health conditions, which have required hospitalization and ongoing treatment, and have impaired her ability properly to act as custodian and Trustee pursuant to the Judgment and Agreement, and applicable law.

## NEED FOR JUDICIAL INTERVENTION

36. The Trustee's improper conduct is defeating the purpose for which the Plan was established, to the prejudice of the sole beneficiary.

37. The refusal to pay for Qualified Expenses serves no legitimate purpose, and will result in substantial, unwarranted penalties and adverse tax consequence.

38. The conduct is also forcing the parties to commit resources to litigation.[2]

39. This Court has broad powers as a matter of common law, and under the Florida Trust Code ("FTC"), Fla. Stat. ch. 736, to remedy this situation.

40. The FTC authorizes the Court to "(a) [c]ompel the trustee to perform the trustee's duties; (b) Enjoin the trustee from committing a breach of trust; (c) Compel the trustee to redress

---

[2] Mr. Owens has sought to enforce the Judgment, and alternatively petitioned to modify it, before the Eleventh Judicial Circuit in and for Hillsborough County, Florida, in Case No. 13-DR-015981.  Although stating that the Defendant's "not paying these fees" was not "right" and "not in the best interest of the [Grandchild]," the trial judge did not believe he had authority to require her to pay.  That decision is on appeal.

a breach of trust by paying money or restoring property or by other means; (d) Order a trustee to account; (e) Appoint a special fiduciary to take possession of the trust property and administer the trust; (f) Suspend the Trustee; (g) Remove the trustee . . . ; Order any other appropriate relief." *Id.* § 736.1001(2).

41. The Court also is afforded broad authority to award damages for breach of trust. *Id.* § 736.1002.

42. Among other remedies, removal of the trustee is specifically permitted where "the court determines that removal of the trustee best serves the interests of the beneficiaries," "[d]ue to the unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively." *Id.* § 736.0706(2)(c).  That is exactly the case here, where the Trustee persists in her failure and refusal to fund Qualified Expenses, to account or to communicate with the beneficiary.

43. Section 736.0706(2)(d) is also specifically applicable here, where the sole beneficiary of the Plan requests removal of the Trustee, and that relief undoubtedly "best serves the interests of all of the beneficiaries and is not inconsistent with a material purpose of the trust." Indeed, removal is required in order to ensure that the material purpose of the trust – funding Plaintiff LACAVA's education – can be achieved.

44. The best interests of the beneficiary is the touchstone of the FTC, authorizing judicial modification based on a consideration of the terms and purpose of the trust, and a broad consideration including of extrinsic evidence relevant to the proposed modification. *Id.* § 736.04115.

45. Plaintiffs – who are not themselves parties to the Agreement or the Judgment (although clearly the intended beneficiary) – have no recourse other than to the Court to ensure the protection of their best interests.

46. All conditions precedent to the bringing of these claims has been satisfied, excused, performed or are futile.

47. Plaintiffs have retained undersigned counsel and are obligated to pay their reasonable fees.

## COUNT I

### BREACH OF FIDUCIARY DUTY
**(Plaintiff LACAVA against Defendant)**

48. Plaintiff LACAVA incorporates the allegations of paragraph 1-47.

49. This is an action for breach of fiduciary duty, seeking damages in excess of $75,000.00, and other relief.

50. As a matter of Florida common law and pursuant to the FTC, Defendant, as Trustee of the Plan, owes fiduciary duties to Plaintiff LACAVA, who is the sole beneficiary.

51. The fiduciary duties include duties of loyalty, care, and good faith – as well as the duties to administer the Plan, to inform and account to the beneficiary.

52. Defendant has breached her fiduciary duties to Plaintiff LACAVA by failing to pay Expenses from the Plan, instead converting the funds in the Plan for her own use.

53. Defendant has also breached her fiduciary duties to Plaintiff by failing to inform and account to Plaintiff LACAVA, and failing to act in a manner that is loyal and in good faith.

54. Plaintiff LACAVA has been damaged as a direct and proximate cause of Defendant's breach of fiduciary duties.

WHEREFORE, Plaintiff LACAVA respectfully requests that this Court:

    a. Award Plaintiff damages, including punitive damages;

    b. Suspend Defendant as Trustee on an expedited basis, to allow distribution of 2022 Expenses within the calendar year;

  c. Remove Defendant as Trustee of the Plan;

  d. Otherwise modify the Trust to ensure its purpose is accomplished and the best interests of the beneficiary protected;

  e. Compel a full accounting by Defendant of the Plan, including producing to Plaintiff all Plan statements and other documents supporting the accounting;

  f. Deny Defendant the ability to compensate lawyers or professionals, or otherwise use the assets in the Plan, except as requested herein;

  g. Award Plaintiff LACAVA attorney's fees and costs pursuant to Florida law against Defendant;

  h. Award any other relief deemed appropriate, including pursuant to the Code.

## COUNT II

## BREACH OF AGREEMENT
**(Plaintiff LACAVA against Defendant)**

55. Plaintiff LACAVA incorporates the allegations of paragraph 1-47.

56. This is an action for breach of contract, seeking damages in excess of $75,000.00, and other relief.

57. Plaintiff LACAVA is a third-party beneficiary of the Agreement.

58. The Agreement clearly and expressly states an intent to primarily and directly benefit Plaintiff LACAVA as the sole beneficiary of the Plan. As the Agreement mandates, "the assets and income of said Plan shall be used exclusively for the benefit of [Plaintiff LACAVA]."

59. The Agreement includes an implied covenant of good faith and fair dealing on the part of Defendant.

60. Defendant has breached the Agreement, and the covenant of good faith and fair dealing, by failing and refusing to distribute funds from the Plan to pay Qualified Expenses.

61. As a direct and proximate result, Plaintiff LACAVA has suffered damages.

WHEREFORE, Plaintiff LACAVA demands judgment for damages, interest and costs, against Defendant, along with such other and further relief this Court deems appropriate.

## COUNT III

### ACTION FOR SPECIFIC PERFORMANCE
### (Plaintiff LACAVA against Defendant)

62. Plaintiff LACAVA incorporates the allegations of paragraph 1-47.

63. This is an action for specific performance.

64. Plaintiff LACAVA is a third-party beneficiary of the Agreement.

65. The Agreement clearly and expressly states an intent to primarily and directly benefit Plaintiff LACAVA as the sole beneficiary of the Plan. As the Agreement mandates, "the assets and income of said Plan shall be used exclusively for the benefit of [Plaintiff LACAVA]."

66. The Agreement includes an implied covenant of good faith and fair dealing on the part of Defendant.

67. Defendant has breached the Agreement, and the covenant of good faith and fair dealing, by failing and refusing to distribute funds from the Plan to pay Qualified Expenses.

68. As a direct and proximate result, Plaintiff LACAVA has suffered injury.

69. Plaintiff lacks and adequate remedy at law, and is clearly entitled to specific performance, which justice requires.

WHEREFORE, Plaintiff LACAVA demands judgment against Defendant, compelling Defendant to distribute funds from the Plan to pay for all Qualified Expenses incurred by Plaintiff LACAVA to date, which Defendant has failed and refused to fund, and to distribute funds from the Plan to pay for future Qualified Expenses of Plaintiff LACAVA, until the funds are all used, along with such other and further relief this Court deems appropriate.

## COUNT IV

### CONVERSION
### (Both Plaintiffs)

70. Plaintiffs incorporate the allegations of paragraph 1-47.

71. This is an action for conversion, seeking damages in excess of $75,000.00.

72. Defendant has wrongly asserted dominion over assets that rightfully belong to Plaintiff LACAVA, misappropriating the Plan.

73. Defendant's improper conduct has deprived Plaintiff LACAVA of payment from the Plan for Expenses, inconsistent with Plaintiff's interests.

74. Defendant's improper conduct has also injured Plaintiff OWENS, who has been forced to pay for the Qualified Expenses in the interim.

75. As a direct and proximate result, Plaintiffs have suffered damage.

WHEREFORE, Plaintiffs demand judgment for damages, including punitive damages, and costs, against Defendant, along with such other and further relief this Court deems appropriate.

## COUNT V

### UNJUST ENRICHMENT
### (Plaintiff OWENS)

76. Plaintiff incorporates the allegations of paragraphs 1-47.

77. This is an action for unjust enrichment.

78. Plaintiff OWENS was forced to pay Qualified Expenses for Plaintiff LACAVA, which Defendant should have funded from the Plan.

79. Plaintiff OWENS thereby conferred a benefit on the Defendant, which Defendant knowingly accepted.

80. Claiming the funds in the Plan are her asset, Defendant now wrongly seeks to retain that benefit.

81. The circumstances are such that it would be inequitable for the Defendant to retain the benefit without paying fair value for it.

WHEREFORE, Plaintiff OWENS requests entry of judgment for damages, costs and interest, against Defendant, along with such other and further relief the Court deems appropriate.

## COUNT VI

### ACCOUNTING
### (Plaintiff LACAVA)

82. Plaintiff LACAVA incorporates the allegations of paragraphs 1-47.

83. This is an action for accounting, pursuant to the FTC, § 736.08135, and other applicable law.

84. Plaintiff LACAVA, as beneficiary of the Plan, is entitled to information from the Defendant, as Trustee.

85. Despite demands for information and documents, Defendant has not been forthcoming with information, and among other things, has refused to provide account statements or information about the Plan.

86. Accordingly, Plaintiff LACAVA requests that the Court compel Defendant to provide information and supporting documents, including account statements, and to complete an accounting in accordance with § 736.0813, Fla. Stat. and other applicable law.

WHEREFORE, Plaintiff LACAVA requests that this Court compel Defendant to provide all information and documents, including account statements, for the Plan at her own expense; provide a full accounting of the Plan; and award Plaintiff LACAVA attorneys' fees and costs

pursuant to Florida law against the Defendant, along with such other and further relief the Court deems appropriate.

## COUNT VII

## ACTION FOR INJUNCTIVE RELIEF

87. Plaintiffs incorporate the allegations of paragraph 1-47.

88. This is an action for injunctive relief, pursuant to the FTC and other applicable law.

89. As a matter of Florida common law and pursuant to the FTC, Defendant, as Trustee of the Plan, owes fiduciary duties to Plaintiff LACAVA, who is the sole beneficiary.

90. The fiduciary duties include duties of loyalty, care, and good faith – as well as the duties to administer the Plan, to inform and account to the beneficiary.

91. The Trustee is breaching those duties and, by failing and refusing to pay for Qualified Expenses, is defeating the purpose for which the Plan was established, to the prejudice of the sole beneficiary.

92. The refusal to pay for Qualified Expenses serves no legitimate purpose, and will result in substantial, unwarranted penalties and adverse tax consequence.

93. This Court has broad powers as a matter of common law, and under the FTC to remedy this situation.

94. The FTC authorizes the Court to "(a) [c]ompel the trustee to perform the trustee's duties; (b) Enjoin the trustee from committing a breach of trust; (c) Compel the trustee to redress a breach of trust by paying money or restoring property or by other means; (d) Order a trustee to account; (e) Appoint a special fiduciary to take possession of the trust property and administer the trust; (f) Suspend the Trustee; (g) Remove the trustee . . . ; Order any other appropriate relief." *Id.* § 736.1001(2).

95. Among other remedies, removal of the trustee is specifically permitted where "the court determines that removal of the trustee best serves the interests of the beneficiaries," "[d]ue to the unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively." *Id.* § 736.0706(2)(c). That is exactly the case here, where the Trustee persists in her failure and refusal to fund Qualified Education expenses, to account or to communicate with the beneficiary.

96. Section 736.0706(2)(d) is also specifically applicable here, where the sole beneficiary of the Plan requests removal of the Trustee, and that relief undoubtedly "best serves the interests of all of the beneficiaries and is not inconsistent with a material purpose of the trust." Indeed, removal is required in order to ensure that the material purpose of the trust – ensuring that Plaintiff LACAVA can complete her education – can be achieved.

97. The best interests of the beneficiary is the touchstone of the Code, authorizing judicial modification based on a consideration of the terms and purpose of the trust, and a broad consideration including of extrinsic evidence relevant to the proposed modification. *Id.* § 736.04115.

98. Plaintiffs – who are not themselves parties to the Agreement or the Judgment (although clearly the intended beneficiary) – have no recourse other than to the Court to ensure the protection of their best interests.

99. Plaintiffs lack an adequate remedy at law, and will suffer irreparable injury if injunctive relief is not granted.

100. The threatened injury to Plaintiffs outweighs any harm the relief would inflict on Defendant, and injunctive relief would not be adverse to the public interest.

WHEREFORE, Plaintiff LACAVA respectfully requests that this Court issue temporary and permanent injunctive relief, including but not limited to:

a. Suspend Defendant as Trustee on an expedited basis, to allow distribution of 2022 Expenses within the calendar year;

b. Removing Defendant as Trustee of the Plan;

c. Otherwise modifying the trust to ensure its purpose is accomplished and the best interests of the beneficiary protected;

d. Compelling a full accounting by Defendant of the Plan, including producing to Plaintiff all Plan statements and other documents supporting the accounting;

e. Denying Defendant the ability to compensate lawyers or professionals, or otherwise use the assets in the Plan, except as requested herein;

f. Awarding Plaintiff LACAVA attorney's fees and costs pursuant to Florida law against Defendant;

g. Awarding any other relief deemed appropriate, including pursuant to the Code.

Dated: October 21, 2022.

Respectfully submitted,

By: */s/ Kevin C. Kaplan*
Kevin C. Kaplan, Esq.
Florida Bar No.: 933848
kkaplan@coffeyburlington.com
lperez@coffeyburlington.com
service@coffeyburlington.com
Jared W. Whaley, Esq.
Florida Bar No.: 107774
jwhaley@coffeyburlington.com
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261